40 F.3d 1046
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dominick Lee ROBERTSON, aka Dominick Lee Bruno, aka Nick
Bruno, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dominick Lee ROBERTSON, aka Dominick Lee Bruno, aka Nick
Bruno, Defendant-Appellant.
 Nos. 93-50194, 93-50195.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 6, 1994.
Decided Nov. 23, 1994.
 
 Janice R. Mazur, Mazur & Mazur, San Diego, CA, for defendant-appellant.
 Paul S. Cook, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of California.
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 LEAVY, Circuit Judge:
 
 
 1
 Dominick Lee Robertson claims the government breached a plea agreement, which contained a waiver of his right to appeal. Because of the breach, Robertson argues he retains the right to appeal. He asks us to vacate his sentence and order the government to comply with the terms of the agreement. Robertson failed to object in district court to the government's conduct which he now claims is a breach. Because Robertson failed to raise the breach of the plea agreement in district court, we will not consider his claims of breach for the first time on appeal. As a consequence, his waiver of the right to appeal is enforceable. The appeal from the judgment of the district court is therefore dismissed.
 
 FACTS
 
 2
 On August 31, 1992, Robertson pled guilty to obstruction of mail, in violation of 18 U.S.C. Sec. 1702; use of an unauthorized access device, in violation of 18 U.S.C. Sec. 1029(a)(2); mail fraud, in violation of 18 U.S.C. Sec. 1341; laundering monetary instruments, in violation of 18 U.S.C. Sec. 1956(a)(1)(B)(i); engaging in monetary transactions in unlawfully derived property, in violation of 18 U.S.C. Sec. 1957(a); theft of mail, in violation of 18 U.S.C. Sec. 1708; and failure to appear, in violation of 18 U.S.C. Sec. 3146. The pleas were entered pursuant to a written plea agreement that contained a clause waiving Robertson's right to appeal:
 
 
 3
 7. The defendant agrees that he will waive his right to appeal from the sentence imposed by the Court, if he is sentenced pursuant to Paragraph 3 of this plea agreement.
 
 
 4
 Paragraph 3 of the plea agreement provided:
 
 
 5
 3. The parties agree that the Federal Sentencing Guidelines (18 U.S.C. Sec. 3551 et seq.) apply. The parties further agree to the following applicable guideline factors:
 
 
 6
 ....
 
 
 7
 (g) The defendant has demonstrated an acceptance of responsibility for these offenses and the government will recommend a two-level reduction in the applicable guideline offense level pursuant to Section 3E1.1, provided the defendant is truthful with the investigating agents, Probation and the Court.
 
 
 8
 At sentencing, the prosecutor argued against an acceptance of responsibility reduction because Robertson had "been less than truthful with Probation." The prosecutor based this assertion on Robertson's failure to disclose an arrest in Arizona during the time he was evading authorities in California. However, probation only asked Robertson about convictions; it never asked Robertson about arrests.
 
 
 9
 Robertson was sentenced to 48 months in custody on the six fraud-related counts and to a consecutive 12-month sentence on the failure to appear count. The court also imposed a special assessment, a substantial fine, and ordered restitution in the amount of nearly a quarter of a million dollars.
 
 
 10
 Robertson timely appealed. The government moved to dismiss the appeal based on Robertson's waiver of his right to appeal. A motions panel denied the government's motion to dismiss.
 
 ANALYSIS
 
 11
 A merits panel of this court may review the motions panel's decision. Hard v. Burlington N.R.R., 870 F.2d 1454, 1458 (9th Cir.1989) ("law of the case" doctrine does not preclude merits panel from reviewing motions panel's denial of motion to dismiss). "This court reviews the waiver of a statutory right to appeal de novo." United States v. Gonzalez, 16 F.3d 985, 988 (9th Cir.1994). Robertson argues that the government breached his plea agreement, thereby releasing him from the terms of that agreement including the waiver of his right to appeal. The government argues that Robertson may not contend on appeal that the government breached the plea agreement because he failed to call the alleged breach to the attention of the district court. Robertson counters that he adequately objected to the alleged breach by stating at the sentencing hearing, "[n]ow, acceptance of responsibility is where we differ." That statement was not treated as an objection by either party or the district court. Near the end of the sentencing hearing the following colloquy occurred:
 
 
 12
 [Government:] Your Honor, the Defendant had agreed to a waiver of appeal in this matter if sentenced in accordance with the plea agreement. Perhaps we should--
 
 
 13
 THE COURT: Was he sentenced in accordance with the plea agreement?
 
 
 14
 [Government:] I guess I'd like to hear that from the Defendant and his counsel--
 
 
 15
 ....
 
 
 16
 [Defense Counsel:] Your Honor, the plea agreement itself sets forth a reference to whether or not Mr. Robertson gets sentenced in accordance with paragraph 3, I think it is, of the plea agreement.
 
 
 17
 The import of that is--as I understand it--so long as the total sentence does not exceed five years, Mr. Robertson waives his right to appeal. That is our understanding. We're willing to stick by that.
 
 
 18
 We find that Robertson did not raise the alleged breach of the plea agreement in the district court.
 
 
 19
 Issues not presented to the district court cannot generally be raised for the first time on appeal. United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984).
 
 
 20
 [A]n alleged breach of the plea agreement is precisely the type of claim that a district court is best situated to resolve. The claim is fact-specific, may require an evidentiary hearing or proffer of evidence, and the trial court, having taken the plea and having heard the evidence, should have the first opportunity to rule. A claim of breach of the plea agreement is not generally one which the passage of time may illuminate, but rather is the sort of claim which a defendant ordinarily will recognize immediately and should be required to raise when the alleged breach can still be repaired.
 
 
 21
 United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir.1991).
 
 
 22
 The court, in Flores-Payon, recognized certain narrow exceptions to the general rule against review on appeal of issues not raised at the district court:
 
 
 23
 "if (1) there are 'exceptional circumstances' why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." Further exception may be made when plain error has occurred and an injustice might otherwise result.
 
 
 24
 Id. at 558 (citation omitted) (quoting United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990)).
 
 
 25
 Robertson argues that "exceptional circumstances" except him from the general rule. The circumstances Robertson relies on are: (1) the sentencing hearing was very confusing to all parties because the proceedings jumped from one issue to the next without affording closure of several issues, and the district court "jumped in and made its sentencing ruling at a time when an average attorney could not have had the focus to formally object"; and (2) Robertson's attorney could not be expected to anticipate the government's argument against a reduction for acceptance of responsibility. These circumstances are not "exceptional."
 
 
 26
 Our holding in Gonzalez is not to the contrary. In Gonzalez the defendant did not appeal the government's breach of a plea agreement. 16 F.3d at 989. Instead, the defendant argued that as a matter of law he was entitled to a two-point reduction for acceptance of responsibility. Id. at 989. The defendant had raised that issue before the district court. Id. at 990. Robertson does not argue that he is entitled to a two-point reduction for acceptance of responsibility as a matter of law. Instead, he asks this court to remand his case for resentencing and order the government to comply with the plea agreement. As we noted in Gonzalez, "[the defendant's] failure to raise the breach of [the plea agreement] in district court would prevent him from arguing here that he is entitled to a remedy for the breach, such as being resentenced without the government opposing the acceptance of responsibility adjustment." Id. at 989. Because Robertson failed to raise the breach of the plea agreement in district court, we will not consider his claims of breach for the first time on appeal. Consequently, his waiver of the right to appeal is enforceable.[1]
 
 
 27
 Robertson's appeal from the judgment of the district court is dismissed.
 
 
 
 [1]
 Because Robertson validly waived his right to appeal, we do not reach the rest of his arguments, including his alleged Rule 32 violation and his argument that consecutive sentences were improperly imposed