53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Armando QUIROZ-GUTIERREZ, Defendant-Appellant.
 No. 94-10013.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1995.
Decided May 8, 1995.
 
 Before: WALLACE, Chief Judge, HUG, and FARRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The defendant appeals his conviction of possession with intent to distribute methamphetamine in violation of 18 U.S.C. Sec. 2 and 21 U.S.C. Sec. 841(a)(1). The defendant bases his appeal on three grounds: 1) the district court abused its discretion by refusing to grant the defendant an evidentiary hearing on his motion to suppress evidence seized without a warrant; 2) the district court erred in refusing to suppress evidence of drugs seized from the defendant's car and two incriminating slips of paper seized from his person because the police lacked founded suspicion to stop defendant's car; and 3) the district court abused its discretion by admitting evidence of defendant's prior uncharged drug sales because the evidence was unreliable and unfairly prejudicial.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm defendant's conviction.
 
 I. FOUNDED SUSPICION
 
 4
 The defendant asserted in his motion for suppression that the police officer lacked founded suspicion to stop the red Mercury Capri automobile and that the evidence derived from that stop and subsequent search should have been suppressed. The defendant further contends that the district court erred in denying the motion without an evidentiary hearing, asserting that there were disputed issues of fact to be determined. Denial of an evidentiary hearing on a motion to suppress evidence is reviewed for abuse of discretion. United States v. DiCesare, 765 F.2d 890, 895, amended, 777 F.2d 543 (9th Cir. 1985). "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986).
 
 
 5
 We review de novo a district court's denial of a motion to suppress. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir. 1994). Its legal conclusion that the police had founded suspicion to make an investigatory stop of a vehicle is reviewed de novo. United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1492 (9th Cir. 1994). Factual findings are reviewed for clear error. Becker, 23 F.3d at 1539. Where no findings of fact were made or requested, a trial court's denial of a motion to suppress will be upheld if there is a reasonable view of the evidence that will sustain it. Id.
 
 
 6
 Informant Morales had set up a methamphetamine transaction at the Payless Shopping Center, where the DEA officers were waiting to apprehend the defendant. The expected transaction was changed to another shopping center and then back to the Payless Shopping Center. Morales informed the officers to be on the lookout for a 1980-to-1982 red Mustang. The officers left the second shopping center and headed to the Payless Shopping Center on the route specified by Morales to look for and intercept the red Mustang. On the way to the Payless Shopping Center at about 11:55 p.m., they saw a red car that appeared to be a Mustang heading toward the Payless Shopping Center, and stopped it. The car turned out to be a red Mercury Capri and the defendant was a passenger in it. The owner and driver of the car consented to a search of its interior.
 
 
 7
 The defendant contends that a hearing of his pretrial motion was justified because the Government failed to establish that the red Capri looked like a red Mustang. In his motion, the defendant failed to specify adequately that this was the factual inquiry to be determined. No affidavits were attached concerning dissimilarity. The motion itself stated that "shortly before midnight a vehicle similar to the 1980 red Mustang was seen" in the vicinity of the Payless Shopping Center.
 
 
 8
 Even if the make of the car was not the same as expected, a red car that looked similar to a red Mustang, travelling the expected route to the shopping center at that hour of the night was adequate to provide founded suspicion. See Guam v. Ichiyasu, 838 F.2d 353, 355-56 (9th Cir. 1988). The district court did not err in denying a hearing to determine the specific characteristics of the two types of vehicles.
 
 
 9
 The defendant next contends that information brought out at trial justified suppression of the evidence derived from the stop of the automobile. The defendant acknowledges that a stop made by an officer based on information of another law enforcement officer or agency is valid if that relayed information provides reasonable suspicion. United States v. Hensley, 469 U.S. 221, 232-33 (1985). The defendant contends, however, that the testimony of DEA Agent Rodriguez at trial indicated that Officer Decoulode, who made the stop, did not make the stop based on that collective information, but for an unspecified traffic violation. This could have justified a motion to reconsider the suppression inquiry, but no such motion was made.
 
 
 10
 This court, normally, will not consider an issue raised for the first time on appeal. United States v. Childs, 944 F.2d 491, 495 (9th Cir. 1991). This is true even where a defendant has made a pretrial motion to suppress evidence but on different grounds than those argued on appeal. Id.; United States v. Whitten, 706 F.2d 1000, 1011-12 (9th Cir. 1983), cert. denied, 465 U.S. 1100 (1984). Because new facts came out at trial that defendant did not have access to at the time of his pretrial motion, defendant could have renewed his motion to suppress at trial on the basis of the newly discovered grounds. See Cogen v. United States, 278 U.S. 221, 224 (1929) (denial of pretrial motion to suppress is interlocutory order and may be reversed at trial); cf. United States v. Wysong, 528 F.2d 345, 348 (9th Cir. 1976) (new issue not considered on appeal because not raised either during suppression hearing, at trial, or on the motion for a new trial).
 
 
 11
 There are several exceptions to the rule that we do not consider issues raised for the first time on appeal, but none of them apply here. Three of the exceptions are:
 
 
 12
 (1) there are "exceptional circumstances" why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.
 
 
 13
 United States v. Robertson, 40 F.3d 1046, 1048 (9th Cir. 1994) (quoting United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir. 1991)). There is also a fourth exception for plain error. Id. The defendant has offered no exceptional circumstances to explain why the motion to suppress was not renewed after Agent Rodriguez's testimony. There has been no intervening change in the law. And, as was the case in Childs, 944 F.2d at 495, defendant's argument does not present a purely legal issue because it requires a preliminary factual finding. "As appellate judges, we are not authorized to make findings of fact or weigh the evidence. Furthermore, it would be unfair to the trial court and the Government for us to decide disputed questions of fact not presented during the suppression proceedings." Id. By failing to raise the collective knowledge issue until the appeal, the Government was deprived of the opportunity to prove that Officer Decoulode was directed to make the stop by a task force agent, or that there was a legitimate traffic violation.
 
 
 14
 Because the defendant failed to renew his motion to suppress after Agent Rodriguez's testimony, and because none of the exceptions to the rule against considering new issues on appeal apply, we do not consider this argument.
 
 II. EVIDENCE OF PRIOR DRUG SALES
 
 15
 The defendant challenges the district court's decision to allow Informant Morales to testify that he had purchased methamphetamine from the defendant on three prior occasions. We review for abuse of discretion a district court's decision to admit evidence of prior bad acts under Fed. R. Evid. 404(b). United States v. Khan, 993 F.2d 1368, 1376 (9th Cir. 1993). "We also review for abuse of discretion a district court's decision on balancing probative value against prejudicial effect under Fed. R. Evid. 403." Id.
 
 A. Rule 404(b)
 
 16
 Rule 404(b) states that while evidence of prior bad acts is not admissible to prove acts in conformity with character, it may be admissible to prove, inter alia, intent, knowledge, or identity. The Government offered the evidence of prior drug sales to prove that the defendant was the source ("Armando") in the taped telephone conversation, that in his taped conversations with Morales, defendant knew that he was arranging a drug sale, and that when he was stopped by police, defendant knew that there were drugs in the car and intended to distribute them. These are all legitimate reasons to admit the evidence of prior drug sales.
 
 
 17
 The defendant claims that the district court nonetheless abused its discretion in admitting the evidence under Rule 404(b) because there was not sufficient proof that defendant committed the prior acts. See United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir. 1991) (listing four criteria for admission of evidence under Rule 404(b), one of which is that "sufficient evidence must exist for the jury to find that the defendant committed the other acts"). The defendant argues that the evidence was not sufficiently reliable because it was the uncorroborated testimony of an informant testifying in exchange for lenient treatment on other charges.
 
 
 18
 Morales' testimony as to defendant's prior drug sales was uncorroborated, but that is not a bar to its admissibility under Rule 404(b). See United States v. Hinton, 31 F.3d 817, 823 (9th Cir. 1994), cert. denied, 115 S. Ct. 773 (1995) ("[W]e are not persuaded that where a witness testifies as to the defendant's prior bad acts, the jury must be presented with evidence corroborating the witness' testimony to satisfy the 'low threshold required by [this] part ... of the test."') (second and third alterations in original). The standard of proof is one of sufficient evidence for a jury reasonably to conclude that the acts occurred and that the defendant was the actor. Id. Morales' firsthand testimony meets this standard. Moreover, the trial judge instructed the jury to consider Morales' testimony with caution because he was testifying in exchange for benefits from the Government, and to look for corroboration before accepting his statements as true.
 
 B. Rule 403
 
 19
 The defendant also argues that the district court abused its discretion by failing to exclude Morales' prior bad acts testimony as more prejudicial than probative under Rule 403. We measure the probative value of Morales' testimony by its tendency to make the existence of defendant's identity, knowledge, or intent more probable than they would be without the evidence. See Ramirez-Jiminez, 967 F.2d 1321, 1327 (9th Cir. 1992). We measure unfair prejudice by the extent to which Morales' testimony "'makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged."' Id. (quoting United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir. 1982)).
 
 
 20
 The defendant argues that Morales' uncorroborated prior bad acts testimony had the unfairly prejudicial effect of corroborating Morales' testimony linking defendant to the charged offense. But any self-corroborative effect Morales' prior bad acts testimony may have had was minimal because his testimony was not the only, or even the main, evidence linking the defendant to the charged offense. The defendant was found in a car with drugs hidden in the trunk. The defendant's car roughly matched the description of the source's car, and he was found exactly where the source was supposed to be, when he was supposed to be there. With this evidence, the risk was practically nonexistence that Morales' testimony would prejudice the defendant by allowing the jury to improperly infer possession. With respect to identity, knowledge, and intent, Morales testified that the defendant sold him drugs on three prior occasions. Further, the defendant, like the taped source, is named "Armando." And two incriminating pieces of paper were found in defendant's pocket: an Air Cargo bill with defendant's name and the source's address on it, and written instructions to the point of the alleged drug sale. This evidence of intent to sell was also corroborated by the amount of drugs found and, to a lesser degree, by the suggestion in the taped telephone conversations that an exchange of money would take place.
 
 
 21
 Because of this substantial incriminating evidence from sources other than Morales, any slight, self-corroborative effect Morales' prior bad acts testimony may have had on his direct testimony on the charged offense was not unfairly prejudicial. The district court did not abuse its discretion by refusing to exclude the evidence of prior drug sales as more prejudicial than probative.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3