72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard J. CROWLEY, Plaintiff-Appellee,
v.
Walter R. WELLMAN; Wellman Mining Corporation, Defendants-Appellants.
 No. 94-55933.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1995.*
Decided Dec. 15, 1995.
 
 Before: HUG, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter R. Wellman and Wellman Mining Corporation appeal the magistrate judge's determination of damages resulting from the breach of fiduciary duty and his award of punitive damages. The magistrate judge awarded Richard J. Crowley $150,000 for Wellman's breach of fiduciary duty. Wellman does not dispute the actual breach, focusing instead on the amount of damages suffered due to that breach. We review the trial court's computation of damages under a clearly erroneous standard. Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1495 (9th Cir.1995). Evidence was presented at trial that Crowley's stock in Wellman Mining Corp. was worth $375,000 before Wellman's breach and was worthless due to the actions of Wellman. With the evidence presented at trial, we find no clear error in the $150,000 award.
 
 
 3
 Wellman and Wellman Mining Corp. also argue that the award of $350,000 for punitive damages was improper because Crowley presented no evidence at trial relating to the appellants' net worth. The request for and subsequent award of punitive damages did not come as a surprise to Wellman. Crowley requested punitive damages in the original complaint, the Pre-Trial Conference Order, and in his opening statement at trial. However, Wellman never raised the issue of whether punitive damages were appropriate or how they should be determined either before trial or at the end of the case in chief or ever objected to the evidence presented in support of the punitive damages award. This court will consider an issue raised for the first time on appeal if (1) there are "exceptional circumstances" why the issue was not raised below, (2) the issue arises for the first time on appeal due to a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue at the trial court. United States v. Robertson, 52 F.3d 789, 791 (9th Cir.1995). Because none of these exceptions apply in the current appeal, we decline to address the punitive damages issue.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3