127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald James ANDERSON, Defendant-Appellant.
 No. 97-30111.
 United States Court of Appeals, Ninth Circuit.
 Decided Oct 27, 1997.
Submitted October 20, 1997**
 
 Appeal from the United States District Court for the District of Idaho B. Lynn Winmill, District Judge, Presiding
 Before: NELSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald James Anderson appeals his sentence imposed after his guilty plea to conspiracy to distribute or to possess controlled substances with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends that this court should vacate his sentence because when the government moved for downward departure for substantial assistance to authorities pursuant to U.S.S.G. § 5K1.1, it breached his plea agreement by failing to recommend a specific degree of departure from the guidelines range. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The government contends that Anderson waived the alleged breach of his plea agreement by failing to raise it below. Anderson contends that because there is no factual dispute as to either the terms of the agreement or the government's conduct, the issue whether he is entitled to specific performance of the plea agreement is one purely of law and thus is reviewable on appeal. Anderson's contention lacks merit; issues of the intent of the parties and the meaning of the agreement are best addressed first by the district court. See United States v. Robertson, 52 F.3d 789, 791-92 (9th Cir.1994). Accordingly, we review only for plain error. See id.
 
 
 4
 To determine whether a plea agreement was breached, we look to what the defendant reasonably understood when he entered the plea. See United States v. Myers, 32 F.3d 411, 413 (9th Cir.1994) (per curiam); United States v. De la Fuente, 8 F.3d 1333, 1337-38 (9th Cir.1993).
 
 
 5
 Here, the plea agreement provided that if Anderson's cooperation in the criminal investigation amounted to substantial assistance, then the government would move for a downward departure pursuant to U.S.S.G. § 5Kl.1. The agreement stated: "The United States' recommendation as to the amount of the reduction will be in the sole discretion of the United States." The agreement also stated: "[T]he government's specific recommendation is contingent upon its evaluation of all the facts of the case, the sentence that would have been imposed absent an agreement, and the extent and value of the cooperation provided."
 
 
 6
 At the sentencing hearing, the government moved pursuant to 18 U.S.C. § 3553(e) for a departure below the statutory minimum sentence of 120 months. The government also moved pursuant to U.S.S.C. § 5K1.1 for a departure below Anderson's adjusted offense level of 27 and guidelines range of 70 to 87 months. The prosecutor stated: "[W]hen you apply the guidelines, you get down to a 25, a 27 or a 25. And that may be a good place to depart to, or close to that, as consideration for his cooperation." The prosecutor also stated that: he did "not have a strong opinion as to where the Court should end up" and that he "would expect that the Court would find it necessary to impose a period of incarceration, and that may be three years, it may be five years, it may be six years, I don't know."
 
 
 7
 We find no plain error. See Robertson, 52 F.3d at 791-92. The plea agreement emphasized the government's discretion regarding the amount of departure it would recommend and referred to a "specific" recommendation only in this context. Anderson could not reasonably have understood otherwise. See Myers, 32 F.3d at 413.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3