133 F.3d 931
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald TRABERT, Jr., Defendant-Appellant.
 No. 96-30364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald J. Trabert, Jr. appeals the judgment and sentence imposed following his guilty plea, entered pursuant to Fed. R. Cri. P. 11(e)(1)(A) and (C), to two counts of a superseding indictment alleging a money laundering conspiracy. We affirm.
 
 
 3
 Trabert contends that the government breached the plea agreement and acted in bad faith by not recommending an additional reduction below the 36-month sentence specified in the plea agreement. Trabert also contends that his guilty plea is defective because the district court failed to inform him, as required by Fed.R.Crim.P. 11(e)(3), that it "will embody in the judgment and sentence the disposition provided in the plea agreement...."
 
 
 4
 Because Trabert "failed to raise the breach of the plea agreement in district court, we will not consider his claims of breach for the first time on appeal." See United States v. Robertson, 52 F.3d 789, 790 (9th Cir.1995). Trabert has not argued, much less demonstrated, that he qualifies for one of the "narrow exceptions" to the general rule that an alleged breach of the plea agreement must first be presented to the district court. See id. at 791 (noting that an alleged breach of the agreement is "precisely the type of claim that a district court is best situated to resolve," citing United States v. Flores-Payon, 942 F.2d 556 (9th Cir.1991)).
 
 
 5
 The district court's failure to use the exact words specified in Rule 11(e)(3) was harmless. See Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by Rule 11 not affecting substantial rights must be disregarded"). Here, the court accepted the plea agreement, informed Trabert of that acceptance, and sentenced Trabert to the term specified in the plea agreement. See United States v. Semler, 883 F.2d 832, 833-34 (9th Cir.1989) (noting that the legislative history of 11(e)(3) shows that Congress wished to preclude a district court from accepting a plea agreement which provides for a specific sentence and then imposing a more lenient sentence than that provided for in the plea agreement).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3