Charles J. BAKER, M.D.,
Plaintiff–Appellant,

v.

USAA LIFE INSURANCE COMPANY,
Defendant–Appellee.

No. 00–57172.

D.C. No. CV–99–11946 ER (Ex).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Dec. 17, 2001.

Before GOODWIN, WALLACE, and THOMAS, Circuit Judges.

MEMORANDUM *

Charles J. Baker ("Baker") appeals a summary judgment and a judgment after a bench trial in favor of USAA Life Insurance Company ("USAA"). Baker contends that USAA improperly reduced his monthly payment by treating his benefits from the Los Angeles County Employees Retirement Association ("LACERA") as "income" under the policy, in violation of California Insurance Code Sections 10369.6

and 10369.7. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Facts and Procedural History

Baker is a physician who served as the Medical Director of Health Services for the Juvenile Court Division of Los Angeles County. In 1985, he purchased an individual disability insurance policy from USAA. The policy promised Baker a "Maximum Monthly Benefit" for "any calendar month ... in which [his] Income is less than 80% of [his] Pre-loss Income solely because of Injury or Sickness." Assuming that Baker has a covered sickness or injury, his monthly benefit is determined by multiplying the "Maximum Monthly Benefit" by the ratio of his loss of "Income" to his "Pre-loss Income." The policy further defines "income" as "the amount ... actually receive[d] ... from ... wages, salaries, ...; and pension, retirement, and profit-sharing benefits which start during a ... Benefit Period." The policy also notes that "income" does not include "Injury or Sickness benefits provided by other insurers."

In March 1997, Baker became disabled within the meaning of the policy when he was diagnosed with severe depression. Baker filed a claim with USAA and began receiving payments on July 23, 1997. Baker also applied for and received disability retirement benefits from LACERA.

On May 10, 1999, USAA informed Baker that it was entitled to reduce its payments to Baker because he was receiving service-connected disability retirement "income" from LACERA. The change was retroactive, and USAA asked Baker to pay approximately $60,000. USAA also notified him that it would withhold the reduced amounts as an offset towards what it con-

---

* This disposition is not appropriate for publication and may not be cited to or by the court of this circuit except as provided by 9th Cir. R. 36.3.

sidered to be Baker's overpayment balance.

Baker filed a complaint against USAA in Los Angeles County Superior Court, alleging breach of contract, and breach of implied covenant of good faith and fair dealing. USAA removed the action to the district court on the basis of diversity of citizenship. Baker subsequently amended his complaint to add two additional causes of action: deceptive trade practices (Cal. Civ.Code § 1770), and unfair business practices (Cal. Bus. & Prof.Code § 17200, et. seq.). All of Baker's claims are based on a similar premise: by treating LACERA benefits as "income," USAA's offsets of Baker's disability benefits were inconsistent with Sections 10369.6 and 10369.7 of the California Insurance Code.

The district court ultimately granted summary judgment to USAA on all but the unfair business practices claim. After a one-day bench trial, the court found in favor of USAA on this claim and held that Sections 10369.6 and 10369.7 do not prohibit offsets against LACERA benefits.

## II.  Discussion

### A.  Breach of contract claim

■ Baker does not argue that the policy prohibits USAA's offsets; rather, he contends that treating LACERA benefits as "income" violates Sections 10369.6 and 10369.7 of the California Insurance Code and renders the challenged provisions of his policy void and unenforceable.

California Insurance Code Sections 10369.6 and 10369.7 give insurers the option of offsetting payments due under a disability insurance policy in certain circumstances. An insurer that chooses to reduce its benefits pursuant to either section must draft its offsetting provision in accordance with the model language in the statutes or language "not less favorable" to the insured. See Cal. Ins.Code § 10369.1.

Section 10369.6 provides a mandatory formula for insurers to include in their disability insurance policy if they choose to offset benefits that the insured is receiving from "other valid coverage." See Cal. Ins. Code § 10369.6. Section 10369.7 provides nearly identical rules for disability policies when the insured has duplicate "valid loss of time coverage" that exceeds his pre-disability income. See Cal. Ins.Code § 10369.7.

Both sections further provide that an insurer may use a definition of "other valid coverage" (§ 10369.6) or "valid loss of time coverage" (§ 10369.7), but the definition must be limited to coverage provided by organizations subject to insurance law regulation in the United States or Canada, or coverage approved by the Commissioner. See Cal. Ins.Code §§ 10369.6, 10369.7. If the policy does not include such a definition, the term "shall not include ... benefits provided by ... employee benefit organizations." Cal. Ins.Code §§ 10369.6, 10369.7.

Baker argues that USAA does not include in its policy any definition of "other valid coverage" or "valid loss of time coverage," but uses the definition of "income" to determine offset eligibility. Because the language does not track and is less favorable to Baker than the model language in the statutes, Baker contends that USAA's definition of "income" violates Sections 10369.1, 10369.6, and 10369.7.

Baker has failed to establish a statutory basis for holding that USAA's treatment of his LACERA benefits as "income" violates Insurance Code Sections 10369.6 or 10369.7. By the statutes' own terms, offset of benefits from employee benefit organizations are not prohibited. The statutes limit their scope to "coverage" provided by organizations subject to insurance laws, and benefits from employee benefit organi-

zations are specifically mentioned as not constituting "coverage."

In this case, Baker himself admits that LACERA is an employee benefit organization and not subject to state insurance law or insurance regulatory agencies. He contends, rather, that because the sections do not apply to USAA's policy, and because they provide the only avenue for an insurer to offset its disability obligations, the USAA policy is illegal.

However, Baker has identified no authority indicating that the California legislature intended Sections 10369.6 and 10369.7 to, as he puts it, "occupy the field" in this area. Insurance law is detailed and the subject area is well-regulated. If the legislature wanted to prohibit offsets of any variety against benefits from non-insurers, it could easily have done so. It has not, and therefore USAA's treatment of Baker's LACERA benefits does not violate either Section 10369.6 or 10369.7.

Since Baker's breach of contract claim is premised on the policy's alleged violation of either section of the Insurance Code, the district court did not err in granting summary judgment in favor of USAA on this issue.

### B. Breach of implied covenant of good faith and fair dealing

Because Baker's breach of covenant claim is similarly premised on alleged violations of the Insurance Code, and we hold that Baker failed to identify a material question of fact as to whether USAA's interpretation of "income" in its insurance policy violates the statutes at issue, the district court properly granted partial summary judgment in favor of USAA on this claim.

### C. Unfair business practices and deceptive trade practice

■ Baker's allegations that USAA engaged in deceptive trade practices and un-

fair business practices under California law are unwarranted. The district court did not clearly err in finding that LACERA is an employee benefit organization not subject to regulation by insurance law or agencies. The court's determination is supported by the record, and as previously noted, Baker concedes this point in his brief. The court's factual finding provides the basis for concluding that USAA did not engage in deceptive trade practices or unfair business practices. We agree with the district court's determination: if the policy provision does not violate California law, it is not an unfair or deceptive practice to enforce it.

### D. Policy ambiguity

Baker contends in his brief that the USAA policy is ambiguous because the definition of "income" does not explicitly include "service-connected disability retirement" benefits but only "retirement" benefits. He argues that service-connected disability benefits might be considered disability benefits and therefore not includable as "income" under the policy. Baker urges us to construe this policy ambiguity against USAA and disallow the offset against his LACERA benefits.

Because this argument was not raised in the district court, we decline to consider it for the first time on appeal. *See United States v. Robertson,* 52 F.3d 789, 791 (9th Cir.1994).

**AFFIRMED.**