Sharyn COLE, Plaintiff–Appellant,

v.

**PREMIUM TOBACCO STORES INC.,
DBA: Cigarettes Cheaper,
Defendant–Appellee.**

No. 03–15611.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 20, 2004.

Sharyn Cole, Phoenix, AZ, Plaintiff–Appellant Pro se.

Matthew F. Graham, Esq., Aiken, Kramer & Cummins, Oakland, CA, Janice Harrison Moore, Esq., Fadell Cheney &

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Burt, PLLC, Phoenix, AZ, for Defendant–Appellee.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Sharyn Cole appeals pro se the district court's order, following a bench trial, entering judgment against her and in favor of the defendant, Premium Tobacco Stores, Inc., on Cole's complaint raising various claims related to employment discrimination. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cole contends that the district court erred in not permitting her witness, Nicholas Parker, to testify telephonically, and in denying her motion to continue the trial to allow Parker to testify. Even assuming that the district court so erred, beyond her bare assertion, Cole has failed to show that the outcome of the trial would have been different had Parker testified. Therefore, the alleged error is harmless. *See Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1459 (9th Cir.1983) ("[W]hen an appellate court ponders the probable effect of an error on a civil trial, it need only find that the jury's verdict is more probably than not untainted by the error.").

Cole next contends that witness Jay Chapman should not have been permitted to testify since he was present in the courtroom during the trial. Because Cole did not request that Chapman be excluded, and Chapman was designated as an employee representative of Premium Tobacco Stores, this contention is without merit. *See* Fed.R.Evid. 615 (requiring that a party request witness exclusion, and exempting from courtroom exclusion of "an officer or employee of a party which is not a natural person designated as its representative by its attorney").

Cole further asserts that defense counsel acted inappropriately during the discovery process. Since Cole did not properly raise her allegations of misconduct before the district court, and her evidence of misconduct is not part of the record, we decline to address the issue. *See United States v. Robertson*, 52 F.3d 789, 791 (9th Cir.1994) ("Issues not presented to the district court cannot generally be raised for the first time on appeal.").

Finally, Cole asserts that the district court "ignored overwhelming evidence in Plaintiff's favor." Cole, however, fails to identify any "overwhelming evidence" in her favor, but instead offers her own opinion as to the credibility of various witnesses, including herself. We are satisfied that the district court's findings are supported by the record, and that the district court therefore did not clearly err in making its findings supporting the judgment. *See Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir.2002) ("[I]f the district court's findings are plausible in light of the record viewed in its entirety, the appellate court cannot reverse even if it is convinced it would have found differently.").

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.