**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cody Joseph STORER, Defendant— Appellant.**

**No. 03–30108.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2006.*

Filed Sept. 14, 2006.

Michael Fica, Pocatello, ID, for Plaintiff—Appellee.

Stephen J. Blaser, Esq., Blaser & Sorensen, Blackfoot, ID, for Defendant—Appellant.

Before: HAWKINS, SILVERMAN, and GOULD, Circuit Judges.

### MEMORANDUM **

Cody Storer appeals his sentence following his guilty plea to conspiracy to possess

---

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. Storer asserts that the government agreed to file a substantial assistance motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) requesting that the district court depart downward from a statutory mandatory minimum life sentence to a sentence within a range of 41 to 67 months. According to Storer, the government breached the plea agreement by requesting only a two-level downward departure that resulted in a sentencing range of 87 to 108 months. We dismiss the appeal for lack of jurisdiction in light of a valid appeal waiver.

Storer argues that his appeal waiver is unenforceable because the government breached the plea agreement. However, Storer forfeited his breach of the plea agreement claim by asserting it for the first time on appeal. In addition, Storer has not demonstrated plain error. *United States v. Robertson,* 52 F.3d 789, 791–92 (9th Cir.1994); *United States v. Gonzalez,* 16 F.3d 985, 989–90 (9th Cir.1993); *United States v. Flores–Payon,* 942 F.2d 556, 560 (9th Cir.1991). In any event, the unambiguous integrated plea agreement establishes that the government did not promise to request a particular sentence.

We decline to review Storer's ineffective assistance of counsel claims in this direct appeal. Such claims generally should be raised in § 2255 proceedings. *United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003).

APPEAL DISMISSED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.