**Illiena VOLYNSKAYA, Plaintiff–Appellant,**

v.

**EPICENTRIC, INC. HEALTH AND WELFARE PLAN, an ERISA plan, Defendant–Appellee.**

No. 04–17484.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed March 15, 2007.

Callahan, Circuit Judge, concurred and filed opinion.

Charles J. Fleishman, Esq., Beverly Hills, CA, for Plaintiff–Appellant.

Lawrence E. Butler, Esq., Robin Hardy, Esq., Seyfarth Shaw, LLP, San Francisco, CA, for Defendant–Appellee.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Illiena Volynskaya appeals the district court's grant of summary judgment to her employer's welfare benefits plan, a plan insured by MetLife and governed by the Employee Retirement Income Security Act (ERISA).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

The district court correctly concluded that the plan "unambiguously provide[s] discretion" to MetLife "to determine eligibility for benefits."[2] MetLife clearly satisfies ERISA's definition of a "plan fiduciary,"[3] and the plan unambiguously conveys discretion on plan fiduciaries. The fact that confusion or conflicting decisions by fiduciaries *might* result from the plan's language under a different set of facts is irrelevant here. No such confusion has resulted under these facts.

We vacate and remand the remainder of the district court's decision in light of *Abatie v. Alta Health & Life Insurance Company*.[4] After the district court issued its

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. 29 U.S.C. §§ 1001–1191c.

2. *Feibusch v. Integrated Device Tech., Inc., Employee Benefit Plan*, 463 F.3d 880, 883 (9th Cir.2006).

3. 29 U.S.C. § 1002(21)(A).

4. 458 F.3d 955 (9th Cir.2006) (en banc). We consider this intervening change of the law during the "pendency of [this] appeal" in light of the "fundamental principle of our jurisprudence [] that a court will apply the law as it exists when rendering its decision." *DeGurules v. INS*, 833 F.2d 861, 863 (9th Cir.1987). We note that no "manifest injustice" will result from this consideration. *Id.* (describing exception for "manifest injustice" to the usual rule that courts will consider intervening changes of the law). We also note that the Supreme Court has proceeded similarly in a recent case. *See Metropolitan*

decision, this Circuit fundamentally changed the manner in which courts review a decision by a fiduciary with a conflict of interest. *Abatie* held that a district court, even when reviewing for abuse of discretion, must nonetheless consider a defendant's conflict of interest. The greater the conflict, the greater the "level of skepticism" a court must apply.[5] Relevant to this inquiry are, among other things, the degree of an insurer's conflict and any failures to comply with procedural requirements.[6] Both factors appear to be relevant here.

From the existing record, it appears that MetLife has a structural conflict of interest; that is, it both funds the plan and determines whether to pay benefits.[7] In addition, Volynskaya argues that MetLife violated several procedural requirements. For example, MetLife was required to inform Volynskaya "of any additional material or information necessary ... to perfect [her] claim and an explanation of why such material or information [wa]s necessary."[8] MetLife may not have done so. MetLife now complains that Volynskaya never submitted to objective diagnostic testing for fibromyalgia. However, Volynksaya argues that MetLife never informed her of the need for such testing. Similarly, MetLife was required to provide "upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."[9] It is unclear from the current record whether MetLife satisfied this obligation after Volynskaya requested her records.

*Abatie* made MetLife's apparent conflict of interest and possible violation of procedural requirements relevant to the district court's review of MetLife's decision to deny benefits. Accordingly, we vacate and remand the remainder of the district court's decision in order to allow the court to consider the degree of any conflict, to make factual findings regarding the alleged procedural violations, and to consider, in the first instance, the effect of *Abatie*.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

All parties to bear their own costs.

CALLAHAN, J., concurring.

While I concur in the result and agree with the remand to permit the district court to reconsider the case in light of *Abatie v. Alta Health & Life Insurance Company*, 458 F.3d 955 (9th Cir.2006) (en banc), I write separately to express my view that because Volynskaya did not raise the conflict of interest question in the district court she is not entitled to a remand based on a change in law. Because this issue involves a change in law we may decide to address conflict of interest on appeal even though we would ordinarily deem the issue waived. *See United States v. Robertson*, 52 F.3d 789, 791 (9th Cir. 1994). While remand is appropriate here, I believe it is essentially discretionary and must be decided on a case by case basis.

---

*Life Ins. Co. v. Hawkins–Dean*, —— U.S. ——, ——, 127 S.Ct. 659, 659, 166 L.Ed.2d 510 (2006) (mem. granting certiorari, vacating judgment of Ninth Circuit Court of Appeals, and remanding for further consideration in light of *Abatie* ).

5. *Abatie*, 458 F.3d at 968–69.

6. *Id.* at 970–71.

7. *See id.* at 965 (defining structural conflict).

8. 29 C.F.R. § 2560.503–1(g)(1)(iii).

9. 29 C.F.R. § 2560.503–1(h)(2)(iii).