**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10336 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00054-WBS-2 |
| v. | |
| TAMI KISHI DEANDA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted April 14, 2011
San Francisco, California

Before: THOMAS and RAWLINSON, Circuit Judges, and CARNEY, District
Judge.[**]

Defendant-Appellant Tami Kishi Deanda appeals the district court's

sentence of twenty-four months imprisonment following Ms. Deanda's guilty plea

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Cormac J. Carney, United States District Judge for the
Central District of California, sitting by designation.

to one count of possessing counterfeit United States currency in violation of 18 U.S.C. § 472. At sentencing, the district court concluded that Ms. Deanda's offense level under the Sentencing Guidelines should be enhanced pursuant to USSG § 2B5.1(b)(2)(A), which increases a defendant's offense level by two levels if a defendant "manufactured or produced any counterfeit obligation or security of the United States, or possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting." Applying the § 2B5.1(b)(2)(A) enhancement to Ms. Deanda's offense level automatically resulted in another four level increase to her offense level pursuant to § 2B5.1(b)(3). We find that the district court clearly erred in applying the § 2B5.1(b)(2)(A) enhancement because the evidence in the record lacked sufficient indicia of reliability to support that enhancement. Accordingly, we vacate the sentence and remand for resentencing.

As a threshold matter, Ms. Deanda's appeal is not barred by the appellate waiver provision contained in the parties' plea agreement. The appellate waiver provision became null and void when the Government breached the plea agreement by introducing at the sentencing hearing the statements that Ms. Deanda previously had made during a debriefing interview with law enforcement. *See United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir. 1997); *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996).

We refuse, however, to consider Ms. Deanda's argument that the district court erred by considering at sentencing the Government's characterizations of information contained in an agent's report of Ms. Deanda's debriefing interview because the plea agreement prohibited the Government's reliance on such information. Ms. Deanda raises this issue for the first time on appeal, having failed to properly raise and preserve it before the district court. In exceptional cases, the Court sometimes considers arguments first raised on appeal. *See AlohaCare v. Haw. Dep't of Human Servs.*, 572 F.3d 740, 744 (9th Cir. 2009). This is not an exceptional case warranting departure from the general rule. *See United States v. Robertson*, 52 F.3d 789, 791-92 (9th Cir. 1994); *United States v. Flores-Payon*, 942 F.2d 556, 560 (9th Cir. 1991) (explaining that a breach of plea agreement claim is "precisely the type of claim" that should first be raised before the district court).

We review for clear error the district court's determination that the evidence presented by the Government was sufficient to satisfy its burden of demonstrating by a preponderance of the evidence that application of the § 2B5.1(b)(2)(A) enhancement was warranted. *See United States v. Rivera-Alonzo*, 584 F.3d 829, 836 (9th Cir. 2009*).* A district court's factual finding constitutes a clear error if, "'although there is evidence to support it, the reviewing court on the entire

3

evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Incorrect calculation of the Sentencing Guidelines range is a significant procedural error that is not harmless and requires reversal. *See United States v. Smith*, 561 F.3d 934, 941-42 (9th Cir. 2009) (en banc), *cert. denied*, 130 S. Ct. 445 (2009).

The record reveals that the basis for the district court's finding that the § 2B5.1(b)(2)(A) enhancement applied was: (1) the plea agreement's factual basis in which Ms. Deanda admitted that "Lodi police received information that [Ms. Deanda] was manufacturing counterfeit $100 bills" and that counterfeiting templates (on a computer and other storage devices) and papers were found in the residence that Ms. Deanda was sharing with others who were themselves involved in the counterfeiting scheme; (2) Ms. Deanda's statement to the district court at the change of plea hearing that she had "very little" involvement in the counterfeiting scheme; (3) hearsay statements in the Presentence Investigation Report ("PSR") reflecting the probation officer's analysis of reports prepared by law enforcement regarding Ms. Deanda's involvement in the counterfeiting scheme, which were vigorously disputed by Ms. Deanda; and (4) representations and arguments made at the sentencing hearing by the Assistant United States Attorney ("AUSA")

4

summarizing a case agent's report on that agent's debriefing of Ms. Deanda. This evidence was not sufficient to support an enhancement that ultimately increased Ms. Deanda's offense level by six levels. More specifically, the Government presented no evidence that Ms. Deanda admitted that she personally washed ink off bills, reprinted bills using computer templates and a laser printer, or had control over any of the devices and materials used by others to manufacture counterfeit bills. Nor did the Government present any testimony under oath, documentary evidence, or physical evidence to support or corroborate the hearsay statements in the PSR or the representations and arguments made by the AUSA at the sentencing hearing asserting that she did so.

In sum, the evidence presented by the Government was all unsubstantiated hearsay and statements by Ms. Deanda that prove that she simply associated with people involved in manufacturing counterfeit currency. The district court erred by not holding the Government to its burden.[1] Because the district court's application of the enhancement caused it to incorrectly calculate the applicable Sentencing Guidelines range, the district court committed a procedural error that was not

---

[1]The district court applied a preponderance of the evidence standard when deciding whether to apply the § 2B5.1(b)(2)(A) enhancement. Finding that standard was not met, we do not address Ms. Deanda's argument that the district court should have applied a heightened clear and convincing evidence standard pursuant to *United States v. Staten*, 466 F.3d 708, 720 (9th Cir. 2006).

harmless and remand for resentencing is required.  *See Smith*, 561 F.3d at 941-42.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**



FILED

MAY 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*U.S. v. Deanda*, No. 10-10336
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.