**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10411 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01301-ROS-1 |
| v. | |
| LEONARDO PORTILLO-VEGA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Submitted June 13, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, SACK[***], and BEA, Circuit Judges.

Leonardo Portillo-Vega appeals his conviction and sentence under

8 U.S.C. § 1326 for illegal reentry after deportation.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Portillo-Vega contends that his conviction should be vacated and the indictment against him dismissed because his identity was the fruit of an illegal arrest by state authorities. Assuming—without deciding—that Portillo-Vega was illegally arrested and that he has not waived his illegal-arrest claim by entering an unconditional guilty plea, his argument is foreclosed by Supreme Court and Ninth Circuit precedent. *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."); *United States v. Guzman-Bruno*, 27 F.3d 420, 421–22 (9th Cir. 1994) (holding, within the context of a prosecution under 8 U.S.C. § 1326, that neither defendant's "identity nor the records of his previous convictions and deportations could be suppressed as a result of the illegal arrest").

Portillo-Vega attempts to distinguish these cases, and raise a separate basis for vacating his conviction, by claiming that the illegal arrest constituted outrageous government conduct. Because Portillo-Vega did not raise this argument before the district court, it is waived, *United States v. Robertson*, 52 F.3d 789, 791 (9th Cir. 1994) ("Issues not presented to the district court cannot

generally be raised for the first time on appeal."), and none of the exceptions to waiver apply here. *Id.*

Portillo-Vega also argues that the Sixth Amendment prohibited the district court from increasing Portillo-Vega's sentence based on his prior felony conviction, since the existence of the conviction was not a fact found by the jury. The Supreme Court rejected precisely this argument in *Almendarez-Torres v. United States*, 523 U.S. 224, 239–47 (1998). Portillo-Vega claims that subsequent cases have overruled *Almendarez-Torres*, but the Supreme Court has expressly declined to revisit its holding in that case. *See Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013). *Almendarez-Torres* continues to bind us. Consequently, Portillo-Vega's Sixth Amendment argument fails.

**AFFIRMED.**