**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10570 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-01185-JMR-JCG-1 |
| v. | |
| JOAN ADA GIVIDEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Submitted February 15, 2012[**]
San Francisco, California

Before: ALARCÓN and SILVERMAN, Circuit Judges, and GARBIS, Senior
District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for Maryland, sitting by designation.

Joan Gividen appeals from a jury conviction and sentence on two counts of assaulting a federal officer with a deadly or dangerous weapon in violation of 18 U.S.C. §§ 111(a)(1) and (b). She contends that the district court abused its discretion in denying her request for an instruction on the offense of simple assault as a lessor included offense in the crime of committing an assault with a deadly or dangerous weapon on an agent of a branch of the United States who is engaged in his or her official duties. We affirm because we conclude that the evidence was insufficient to permit a rational jury to find the defendant guilty of simple assault based on the evidence presented at trial. We have jurisdiction under 28 U.S.C. § 1291.

I

The Government presented the following evidence at trial to meet its duty to demonstrate that Gividen was guilty of an assault with a deadly or dangerous weapon on an agent of the United States. As border patrol agents drove past Gividen's residence on Beki Lane, in response to a report that illegal aliens had been observed in the roadway ahead, she yelled at them, "[G]et the hell out of here, you sons of bitches."

After the agents apprehended the aliens, and as they stood in the roadway processing the aliens and awaiting a transportation vehicle, Gividen drove her

2

pickup truck down Beki Road toward the agents. Border Patrol Agent Earnest Kile stepped into the roadway intending to speak with Gividen. Instead of stopping, she accelerated, forcing the agent to jump out of the way to avoid being hit. Other agents also had to jump out of the way to avoid being hit. As Gividen passed the agents, she lost control of her vehicle and it fish-tailed. When she was stopped, an agent asked her: "What are you trying to do[,] kill someone?" Gividen replied: "I was trying to run you over."

After Gividen got out of her vehicle, she yelled obscene words at the agents, and was belligerent with them and the paramedics who had arrived to take her to the hospital because she was hysterical.

In her defense, Appellant testified that she did not yell at the officers as they drove by her house, nor did she try to hit any of the agents as she drove by them at twenty-five miles per hour.

## II

Our review of a district court's denial of a jury instruction on a lesser-included offense is in two steps. First, we review de novo whether the "offense on which instruction is sought is a lesser-included offense of that charged." *United States v. Rivera-Alonzo*, 584 F.3d 829, 832 (9th Cir. 2009) (quoting *United States v. Hernandez*, 476 F.3d 791, 797 (9th Cir. 2007)). Here, the government conceded

and the district court agreed that elements of simple assault on a federal officer are encompassed in the elements of assault on a federal officer with a deadly or dangerous weapon. *See id.* at 833.

"[I]f the requested instruction pertains to a lesser-included offense," we then review the denial of the instruction of the lesser-included offense for abuse of discretion. *Id.* at 832. "[T]o warrant a lesser[-]included offense instruction the evidence at trial must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater." *Id.* at 834 (quoting *Hernandez*, 476 F.3d at 798 (internal quotation marks omitted) (citing *Schmuck v. United States*, 489 U.S. 705, 716 n.8 (1989)); *Keeble v. United States*, 412 U.S. 205, 208 (1973)). "[A] district court may properly refuse to give an instruction on a lesser included offense if the jury could not have convicted a defendant of the lesser-included offense without finding the element(s) that would convert the lesser offense to the greater." *Id.* at 834 (citing *United States v. Torres-Flores*, 502 F.3d 885, 888 (9th Cir. 2007)).

With respect to the evidence prong of the two-part test, Gividen contends that the district court abused its discretion because "if the jury had been instructed on simple assault, it could have found that she was guilty of assault but not of using her vehicle as a deadly or dangerous weapon." The Government maintains

4

that the lesser-included instruction was inappropriate because, as the district court pointed out, "if [Gividen] didn't use her car as a deadly weapon, there is no crime [under 18 U.S.C. § 111(a)(1) or (b)]. She is not guilty."

Gividen contends that "Agent Kile's decision to put himself in the path of an oncoming vehicle negates any evidence that Gividen used or attempted to use her vehicle as a 'deadly or dangerous weapon.'" She further contends that the video recording shows "[she] did not veer left . . . . Thus, Agent Powell's being in the path of her oncoming vehicle was of his own volition . . . ." She also asserts the jury could have found her guilty of the lesser-included offense if they concluded that Agent Kile feared the speed of Gividen's truck rather than the truck itself.

Gividen's arguments are unsupported by the record. Agent Kile testified that he realized Gividen was "not going to stop" and that he had to jump out of the way to avoid being hit. The video introduced at trial showed that other federal agents were forced to take cover out of fear of being hit and or killed as Gividen drove her truck down a narrow road directly toward them.

We agree with the district court that a rational jury could not have convicted Gividen of simple assault on a federal officer without finding that she used her pickup truck as a deadly or dangerous weapon. Accordingly, it did not abuse its discretion in denying Gividen's jury instruction request.

5

**AFFIRMED.**