**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50262 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00577-MMA-1 |
| v. | |
| JESUS ALBINO NAVARRO-MONTES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted October 12, 2012
Pasadena, California

Before: WARDLAW and NGUYEN, Circuit Judges, and SIMON, District Judge.[**]

Jesus Navarro-Montes appeals his conviction of second degree murder and
his sentence of life in prison. We have jurisdiction under 28 U.S.C. § 1291, and
we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael H. Simon, District Judge for the U.S. District
Court for Oregon, sitting by designation.

1. The district court did not abuse its discretion by excluding evidence that Navarro-Montes pleaded guilty to a drug charge which arose from a different incident than the charges for which he was tried. This is true even though the district court admitted a cooperating witness's guilty plea to drug smuggling charges. That a cooperating witness entered into a plea agreement is generally relevant to the witness's credibility. *See United States v. Universal Rehab. Systems*, 205 F.3d 657, 666 (1999). However, the rationale behind this general rule does not extend to Navarro-Montes's defense strategy of introducing his guilty plea to a drug charge to bolster his innocence of the murder, for which he was tried. Therefore, the court did not err in concluding that the guilty plea was irrelevant.

2. The district court did not plainly err by disallowing cross-examination about the government's failure to use "double-blind" protocols during the photo ID lineups used to identify Navarro-Montes. Because defense counsel failed to make an offer of proof, the "substance of the evidence was not made known to the court . . . ." *United States v. Bishop*, 291 F.3d 1100, 1108 (9th Cir. 2002). Nor was the substance of the evidence readily apparent to the district court. *Id.* Therefore our review is for plain error, rather than under the less stringent abuse of discretion standard. *Id.* While broad cross-examination of experts regarding eyewitness

2

identification procedures is generally favored, given counsel's failure to make an offer of proof, the district court did not commit any error, much less error that was plain, affected the outcome of the judicial proceedings, or "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (2009) (internal quotation marks omitted).

3. The record does not support Navarro-Montes's contention that the district court ruled against him by limiting the scope of his cross-examination of Macedonio Guererro. Defense counsel himself represented to the court that he would not go line by line through the sentencing memorandum, and the prosecution and the court agreed to counsel's approach. There is thus no "adverse ruling" to review.[1] *See Rohauer v. Friedman*, 306 F.2d 933 (9th Cir. 1963).

4. The district court did not abuse its discretion by giving a curative instruction, rather than declaring a mistrial, the day after Agent Rothrock

---

[1]Navarro-Montes also asserted at oral argument that the district court abused its discretion by concluding that the presentence report was cumulative. This argument, however, was not raised in Navarro-Montes's opening brief, and the government accordingly did not address it in its responding brief. But even assuming the issue was properly raised before the Court, the district court did not abuse its discretion in concluding that information contained in the presentence report was cumulative to the prosecution's sentencing memorandum. Moreover, because the court allowed Navarro-Montes to elicit the admission of Guererro's lies during the safety valve debriefing, any error was harmless. *See United States v. Alvarez*, 358 F.3d 1194, 1207–08 (9th Cir. 2004).

improperly opined that there was no evidence of which he was aware that anybody other than Navarro-Montes was the driver of the Hummer. *See United States v. Randall*, 162 F.3d 557, 559-60 (9th Cir. 1998) ("Ordinarily, cautionary instructions or other prompt and effective actions by the trial court are sufficient to cure the effects of improper comments, because juries are presumed to follow such cautionary instructions."). Defense counsel objected on the grounds that Agent Rothrock's testimony went to the issue of guilt and was based on hearsay. The trial court's decision to issue a curative instruction rather than granting a mistrial in response to these objections was not an abuse of discretion.

Counsel failed to object on the ground that Rothrock's testimony constituted improper vouching, as he argues on appeal; nor did he object to the obvious defect in the curative instruction itself: that the instruction did not admonish the jury to disregard the improper testimony. Although Agent Rothrock's testimony was impermissible vouching because he indicated that "information not presented to the jury supports a witness's testimony," *United States v. Hermanek*, 289 F.3d 1076, 1098 (9th Cir. 2002), and that the curative instruction was defective, on this record, the district court did not commit plain error.

5. Although the prosecution also improperly vouched in closing argument we again review for plain error, because defense counsel failed to object. The

4

prosecutor's use of "we" in closing argument improperly associated him with the investigatory team. *See United States v. Hermanek*, 289 F.3d at 1098–99. However, in *Hermanek*, we found that similar vouching was not reversible error under the less stringent "harmless error" standard. *Id.* at 1102. Considering the overwhelming evidence that Navarro-Montes drove the Hummer that killed Agent Aguilar, we conclude that the vouching in closing argument did not rise to the level of plain error.

6. Because Navarro-Montes did not object at trial to the failure of the jury instructions to explain the difference between "reckless disregard for life," involuntary manslaughter, and "recklessly with extreme disregard for human life," second degree murder, we review for plain error. *United States v. Lesina*, 833 F.2d 156 (9th Cir. 1987)*,* cited by Navarro-Montes, is distinguishable because there, the instructions for involuntary manslaughter and second degree murder both listed "reckless disregard for human life" as sufficient, so the jury was forced to "impose guilt randomly rather than on the basis of a meaningful distinction between the crimes." *Id.* at 158–59. In addition, there, we reviewed the error under an abuse of discretion standard, and here, we review for plain error. Moreover, the jury instructions here, read together, correctly state the mens rea requirements for second degree murder (malice aforethought) and involuntary manslaughter

5

(reckless indifference to human life). The use of these jury instructions was therefore not plain error.

7. The use of the special verdict form was not plain error. We agree that the form itself could have more clearly distinguished involuntary manslaughter and second degree murder. However, read in combination with the jury instructions, its use was not plainly erroneous.

8. The district court did not clearly err in determining that Navarro-Montes knew Agent Aguilar was a law enforcement officer and chose to run him down to evade capture. *See United States v. Rivera-Alonzo*, 584 F.3d 829, 836 (9th Cir. 2009). The evidence demonstrated that Navarro-Montes could see Agent Aguilar putting down a spike strip, made no effort to brake, and had previously run over a spike strip, only to be captured by border patrol. Thus the district court did not abuse its discretion in imposing the official victim enhancement.

9. We find neither procedural error or substantive unreasonableness in the district court's calculation of the guideline range or imposition of a life sentence after adequately considering the factors under 18 U.S.C. § 3553(a).

**AFFIRMED.**