FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30048 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00071-RFC |
| v. | |
| FRANKIE DUSHANE KINDNESS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Frankie Dushane Kindness appeals from the district court's judgment and

challenges the 27-month sentence imposed following her guilty-plea conviction for

depredation of government property, in violation of 18 U.S.C. § 1361. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Kindness contends that the district court erred by imposing a six-level official-victim sentencing enhancement under U.S.S.G. § 3A1.2(c)(1). She alleges that she did not act wilfully and the officers' apprehension of harm was not objectively reasonable. We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Rivera-Alonzo*, 584 F.3d 829, 836 (9th Cir. 2009). The record supports the district court's determination that Kindness assaulted the officers "in a manner creating a substantial risk of serious bodily injury." *See* U.S.S.G. § 3A1.2(c); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1119-20 (9th Cir. 2012) (assault requires showing that defendant cause "a reasonable apprehension of immediate bodily harm").

Kindness also contends that under section 3A1.2(c)(1), the enhancement should not apply because the assault was not committed in the course of, or in the immediate flight from, an offense distinct from the assault itself. To the contrary, the enhancement is appropriate because these were "circumstances tantamount to aggravated assault," "committed in the course of, or in immediate flight following," Kindness's commission of depredation of government property. U.S.S.G. § 3A1.2 cmt. n.4(A).

**AFFIRMED.**