**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10508 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-02296-DCB-CRP-1 |
| v. | |
| MARIO OSORIO-COLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and submitted March 11, 2015
San Francisco, California

Before: CALLAHAN, M. SMITH, and WATFORD, Circuit Judges.

Defendant-Appellant Mario Osorio-Cola ("Osorio-Cola") appeals his

conviction and sentence for assault on a federal officer under 18 U.S.C. § 111.

Because the parties are familiar with the facts and procedural history, we do not

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

restate them except as necessary to explain our decision. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

1. Where, as here, the defendant does not object at trial, we review for plain error the district court's failure to exclude the prosecution's reference to a defendant's silence. *United States v. Lopez-Martinez*, 543 F.3d 509, 516 (9th Cir. 2008). A defendant's right to maintain his post-arrest, post-*Miranda* silence under *Doyle v. Ohio*, 426 U.S. 610 (1976), is triggered by "(1) a defendant's *invocation* of his right to remain silent and (2) an *omission* in post-*Miranda* statements arguably inconsistent with his trial testimony." *United States v. Ramirez-Estrada*, 749 F.3d 1129, 1134 (9th Cir. 2014) (citation omitted). Even if Osorio-Cola did invoke his right to remain silent, and it is not clear on this record that he did, any resulting *Doyle* error did not amount to plain error. Osorio-Cola was able to testify as to his version of the event, which did not turn on the credibility of his claim that Agent McNeil struck him in the head. It instead turned on the credibility of Osorio-Cola's claim that he himself had never used force in the encounter. The jury then credited his testimony at least in part and discounted the testimony of the government witnesses when it acquitted him on all three counts of the indictment and convicted him only of a lesser-included offense. On this record, Osorio-Cola has not met his burden of showing that the alleged *Doyle* violation "materially

2

affected the verdict." *United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir. 1989).

2.     We review for abuse of discretion the denial of a defendant's requested jury instruction due to an inadequate factual basis. *United States v. Daane*, 475 F.3d 1114, 1119 (9th Cir. 2007). Where a party does not object at trial, we review the district court's formulation of the jury instruction for plain error. *United States v. Ruiz*, 462 F.3d 1082, 1087 (9th Cir. 2006).

In light of Osorio-Cola's own testimony that he did not use any force against the federal agent and did not fight back, even to protect himself, the district court did not abuse its discretion in determining that there was no factual basis for a self-defense instruction, much less plainly err. The district court did not plainly err in instructing the jury that officers acting in the good faith performance of their duties may not be forcibly resisted because we approved a virtually identical instruction in *United States v. Span*, 970 F.2d 573, 580–81 (9th Cir. 1992).

3.     A lesser-included offense instruction may be given to the jury if 1) "the elements of the lesser offense are a subset of the elements of the charged offense" and 2) "the evidence would permit a jury rationally to find [Osorio-Cola] guilty of the lesser offense and acquit [him] of the greater." *United States v. Rivera-Alonzo*, 584 F.3d 829, 832 (9th Cir. 2009) (citations omitted). We review

3

the district court's determination on the first step de novo and its determination on the second step for abuse of discretion. *United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007) (citations omitted).

To prove assault under 18 U.S.C. § 111(b), the government must show that the defendant committed assault under § 111(a) and also either 1) used a deadly or dangerous weapon or 2) inflicted bodily injury. Thus, the elements of assault involving physical contact are a subset of assault resulting in bodily injury. Moreover, given the evidence in the record, the district court did not abuse its discretion in holding that a juror could determine that the federal agent's injuries were caused when he fell down the mountain, rather than due to any assault by Osorio-Cola.

**AFFIRMED**.