**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10563 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00355-NVW-1 |
| v. | |
| GREGORY LYNN SHRADER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted April 13, 2016
San Francisco, California

Before: O'SCANNLAIN, CLIFTON, and N.R. SMITH, Circuit Judges.

Gregory Lynn Shrader appeals from his convictions and sentence for

wilfully making a threat by means of an explosive, transporting explosive material,

mailing an injurious article, and unlawfully possessing explosive material. We

affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court did not abuse its discretion in denying Shrader's requests to dismiss his retained counsel. Shrader's initial motions to dismiss counsel did not specify what course of action he intended to pursue if counsel was dismissed. He could not be left unrepresented. The district court explicitly advised him that if he wanted to represent himself, he had to request permission, as the court would have to confirm his competence to waive counsel. If he wanted to substitute new retained counsel, he could submit a stipulation with new counsel. If he wanted to have counsel appointed on the basis of indigency, he would have to file a motion that demonstrated his lack of resources. Shrader let more than a month pass before responding. He did not move to appoint new counsel until December 5, 2014, ten days before sentencing. At that point the district court appropriately provided him with a financial affidavit form to be used for filing an application for appointed counsel, but that form was not returned to the court until the same day that had long been scheduled for sentencing. The district court was not even made aware of it until after the hearing had started. In light of Shrader's multiple earlier opportunities to request the appointment of counsel, which he chose not to exercise, the district court's decision not to delay sentencing was justifiably "compelled by 'purposes inherent in the fair, efficient and orderly administration of justice.'" *United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010).

2

Shrader's sentence did not violate double jeopardy. We review double jeopardy claims de novo. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). In analyzing whether two offenses are duplicative we must determine whether each statutory provision "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The offenses in counts 1 and 2 of the indictment are not duplicative. A conviction under 18 U.S.C. § 844(e), unlike one under § 844(d), requires that the jury find the existence of a wilful threat, while a conviction under § 844(d), unlike § 844(e), requires the transportation of an explosive. Similarly, count 3 is not a lesser included offense of count 1 because the crime charged in count 3, unlike the wilful threat conviction, requires a "deposit[] for mailing or delivery." 18 U.S.C. § 1716(j)(1).

There was sufficient evidence to support convictions for both counts 1 and 2. So long as "*any* rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt" we must affirm the convictions. *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc). Regardless of whether the explosive device mailed by Shrader was functional, the jury could rationally have found that he intended that Sheriff Arpaio view the device as a sufficiently serious threat or act of intimidation to motivate an investigation of William Stewart.

The district court did not abuse its discretion in applying the official-victim sentencing enhancement under U.S.S.G. § 3A1.2. The enhancement applies even where the harm to the official victim is purely a means to an end. *See United States v. Rivera-Alonzo*, 584 F.3d 829, 836–37 (9th Cir. 2009). Irrespective of whether Shrader's ultimate goal was to harm Sheriff Arpaio, he intended that Arpaio be intimidated as an element of his plan to frame Stewart and chose Arpaio as a victim in part because of his official status.

Finally, the district court did not err in admitting into evidence testimony and documents relating to Shrader's business relationship with Stewart and his other attempts to frame Stewart for illegal activities. The evidence was directly relevant to establishing Shrader's motive for committing his crimes and his identity as their perpetrator. Fed. R. Evid. 404(b)(2).

**AFFIRMED**.