NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY ALLEN BORTIS, | No. 14-15833 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-03186-KJM-EFB |
| v. | |
| G. SWARTHOUT, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted March 17, 2016
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and HURWITZ, Circuit Judges.

Petitioner-Appellant Gary Allen Bortis (Bortis), who was convicted of first-degree murder with use of a firearm and eight counts of illegal weapons possession, appeals the district court's denial of his habeas petition filed pursuant

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

to 28 U.S.C. §2254. He asserts that he was denied due process when the trial court failed to instruct the jury on imperfect self-defense.

There is no Supreme Court precedent establishing that a state trial court is required to instruct on lesser included offenses in noncapital cases. *See Beck v. Alabama*, 447 U.S. 625, 638 (1980) (discussing capital cases); *see also*, *United States v. Rivera-Alonzo*, 584 F.3d 829, 834 n.3 (9th Cir. 2009) ("In the context of a habeas corpus review of a state court conviction, we have stated that there is no clearly established federal constitutional right to lesser included instructions in non-capital cases. . . .") (citation omitted). Failure to instruct on imperfect self-defense was not of constitutional magnitude. *See Bashor v. Riley*, 730 F.2d 1228, 1240 (9th Cir. 1984) ("Failure of a state court to instruct on a lesser offense fails to present a federal constitutional question. . .") (citation omitted). Therefore, the California Court of Appeal properly applied the *Watson*[1] state-law harmless error standard to this state-law obligation. *See Bains v. Cambra*, 204 F.3d 964, 975 (9th Cir. 2000).

As the Court of Appeal observed, Stein was convicted of being an accessory after the fact, which indicated that the jury rejected Bortis' testimony that he

---

[1] *People v. Watson*, 46 Cal.2d 818, 836 (Cal. 1956) (concluding that instructional error is not subject to reversal unless an examination of the entire record establishes a reasonable probability that the error affected the outcome).

believed the victim was choking his companion Maryanne Stein (Stein). In addition, the jury had an opportunity to hear Bortis and Stein discussing their version of events on a recorded jailhouse phone call. There was no due process violation. *See Prantil v. California*, 843 F.2d 314, 317 (9th Cir. 1988) (explaining that a due process violation arises when an erroneous instruction "infect[s] the entire trial").

**AFFIRMED.**