
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JOHN PAUL FRISBY,<br><br>Defendant-Appellant. | No.  17-10324<br><br>D.C. No.<br>4:16-cr-01779-DCB-JR-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted April 12, 2018**
San Francisco, California

Before:  THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and OLGUIN,***
District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Fernando M. Olguin, United States District Judge for the Central District of California, sitting by designation.

John Paul Frisby ("Frisby") appeals convictions following a jury trial. We affirm. Because the parties are familiar with the history of the case, we need not recount it here.

I

The district court did not abuse its discretion in giving a "deliberate ignorance" jury instruction nor in failing to give a specific intent instruction.

A

We review a district court's decision to give a deliberate ignorance instruction for abuse of discretion, and we consider the sufficiency of the supporting evidence in the light most favorable to the requesting party. *United States v. Heredia*, 483 F.3d 913, 921-22 (9th Cir. 2007) (en banc).

A deliberate ignorance instruction is not contrary to law. *See United States v. Jewell*, 532 F.2d 697, 700-03 (9th Cir. 1976) (en banc). "The *Jewell* standard eliminates the need to establish . . . positive knowledge to obtain a conspiracy conviction." *United States v. Ramos-Atondo*, 732 F.3d 1113, 1120 (9th Cir. 2013) (quoting *United States v. Nicholson*, 677 F.2d 706, 711 (9th Cir. 1982)). A district court may give a deliberate ignorance instruction if it determines that a jury could rationally find deliberate ignorance. *Heredia*, 483 F.3d at 922.

2

Here, the jury could rationally find deliberate ignorance. Dionasis Hernandez-Margillan ("Hernandez") asked Frisby to drive him to a deserted area near the U.S.-Mexico border fence on two occasions late at night. On the second occasion, Hernandez offered Frisby $400 for the ride, even though the ride was a very short distance. Hernandez also asked Frisby to turn off his van's headlights when they approached the border. Frisby never asked Hernandez why he wanted to be driven to the area near the border fence, why he was offering $400 for the ride, or why he wanted to turn off the van's headlights. Even after Frisby "knew something was going on," according to his testimony, he continued to claim that he did not know what was inside the bundle while he was driving towards it. Given these facts, a jury could rationally find deliberate ignorance.

## B

The district court's decision not to give Frisby's proposed "specific intent" instruction was also not an abuse of discretion. The instruction given adequately advised the jury on the requisite elements of the offense.

## II

The district court did not abuse its discretion in declining to instruct the jury on the lesser-included offense of simple possession. We review a district court's denial of a jury instruction on a lesser-included offense using a two-part analysis.

3

*See United States v. Rivera-Alonzo*, 584 F.3d 829, 832 (9th Cir. 2009) (citing

*United States v. Hernandez*, 476 F.3d 791, 797 (9th Cir. 2007)). "First, we review

*de novo* whether the offense on which instruction is sought is a lesser-included

offense of that charged." *Id.* (citations omitted). Second, if the instruction sought

is a lesser-included offense, we review for abuse of discretion whether a jury could

rationally conclude that the defendant was guilty of the lesser but not the greater

crime. *Id.* (citation omitted). Here, the parties only dispute whether the jury could

rationally conclude that the defendant was guilty of the lesser but not the greater

offense.

A jury could not rationally conclude that Frisby was guilty of the lesser

offense of simple possession. The quantity of marijuana in the bundle is strong

evidence that the marijuana was intended for distribution. The amount of

marijuana at issue—59 kilograms, with a market value of $106,400—was far more

than a rational jury could conclude was for personal use. *Cf. United States v.*

*Hernandez*, 476 F.3d 791, 798 (9th Cir. 2007) ("Drugs by themselves, in quantities

that could rationally be thought by the jury to be for personal use, without other

evidence of intent to distribute, are not enough to exclude a jury instruction on a

lesser included offense."). Frisby's counsel even conceded in his closing argument

4

that possession of that amount of marijuana "is clearly possession with intent to distribute."

Frisby argues that he did not possess the marijuana with an intent to distribute it, but only with an intent to transport it to Hernandez's home. There is no support in the record for Frisby's account. Frisby never explicitly testified that he intended to pick up the bundle at all, even for mere possession. He testified that when he pulled his van forward, he was "going to pick [Hernandez] up, take him home, either not talk to him again or just beat his ass right there." When asked what he was going to do with the bundle, he said, "I wasn't going to do anything. I wasn't going to do anything with that tube. Nothing at all." When asked whether he drove towards the bundle, Frisby clarified that he only drove towards Hernandez. Frisby's literal testimony does not support a conclusion that he was guilty of simple possession; it suggests that he was not guilty of any offense. A jury could not rationally conclude that Frisby was guilty of the lesser offense of simple possession. Thus, the district court's denial of the lesser-included instruction was not an abuse of discretion.

III

The district court's instructions on conspiracy, *Pinkerton*, and aiding and abetting, taken as a whole, were not improper. We review a district court's

5

formulation of jury instructions for abuse of discretion. "The relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010) (quotation marks and citation omitted).

The district court's conspiracy instruction did not improperly allow the jury to presume an intent to conspire. Nor did the district court err by declining to instruct the jury that it could only convict on the conspiracy charge if Frisby agreed to "the entire scope of the conspiracy." Frisby's reliance on *United States v. Loveland*, 825 F.3d 555 (9th Cir. 2016), for these propositions is misplaced. *Loveland* merely clarified that, in the context of alleged buyer-seller conspiracies, the agreement element needed to be satisfied by something more than the fact of the buyer-seller relationship or simple knowledge that a buyer was reselling drugs. *Id.* at 562. *Loveland* did not make a broad holding that a defendant must agree to "the entire scope of the conspiracy," nor did it suggest that deliberate ignorance cannot satisfy the *mens rea* element of the conspiracy statute under certain circumstances.

Frisby's challenges to the *Pinkerton* and aiding and abetting instructions also lack merit. His challenge to the *Pinkerton* instruction is derivative of his challenge to the deliberate ignorance instruction on the conspiracy charge. As discussed, a

6

deliberate ignorance instruction in the context of a conspiracy charge is not contrary to law. Aiding and abetting liability can also be based on deliberate ignorance. *United States v. Nosal*, 844 F.3d 1024, 1039-40 (9th Cir. 2016). Neither the *Pinkerton* instruction nor the aiding and abetting instruction was an abuse of discretion.

**AFFIRMED.**

7