**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50246 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00730-H-1 |
| v. | |
| MARTEL VALENCIA-CORTEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted August 5, 2020[**]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Martel Valencia-Cortez appeals from the district court's judgment and

challenges the 78-month sentence imposed upon remand following his jury-trial

conviction for assault on a federal officer, in violation of 18 U.S.C. § 111, and

bringing in aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii).

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valencia-Cortez first contends that the district court erred in treating his assault offense as a felony under U.S.S.G. § 2A2.2 because a rock is not a deadly or dangerous weapon for purposes of 18 U.S.C. § 111(b). We disagree. Otherwise "innocuous" objects can be deadly or dangerous if they are used in a manner that is capable of causing death or serious injury. *See United States v. Anchrum*, 590 F.3d 795, 801-02 (9th Cir. 2009). The evidence supports the jury's determination that the rock in this case was used in a manner that threatened serious injury to the federal officer. Accordingly, the district court properly treated Valencia-Cortez's offense as a felonious assault under U.S.S.G. § 2A2.2. Contrary to Valencia-Cortez's argument, *Bond v. United States*, 572 U.S. 844 (2014), is not "clearly irreconcilable" with our precedent interpreting § 111(b). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Valencia-Cortez next contends that the district court erred by imposing an official victim enhancement under U.S.S.G. § 3A1.2(b). The district court did not abuse its discretion in imposing the enhancement because the record showed that Valencia-Cortez's assault against the federal agent was motivated by his desire to evade arrest. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (stating standard of review); *United States v. Rivera-Alonzo*, 584 F.3d 829, 836 (9th Cir. 2009) (official victim enhancement warranted where "a

2                                                                    19-50246

defendant knows that the victim is a federal officer and then assaults the officer in an attempt to get away or evade capture").[1] Valencia-Cortez's argument that the district court procedurally erred and violated Federal Rule of Criminal Procedure 32 by failing to provide a fuller explanation for the enhancement is unavailing. The court's reasons for the enhancement can be inferred from the presentence report ("PSR") and the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, Valencia-Cortez did not object to any facts in the PSR, including the facts asserted in support of the official victim enhancement. *See United States v. Carter*, 219 F.3d 863, 866 (9th Cir. 2000) (in the absence of objections to factual statements made in the PSR, Rule 32 does not require specific fact-finding in support of a sentencing enhancement).

**AFFIRMED.**

---

[1] We do not decide whether Valencia-Cortez is correct that the 6-level enhancement had to be supported by clear and convincing evidence because the evidence here was sufficient to support the enhancement under a preponderance or clear and convincing evidentiary standard.