NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5824 |
| Plaintiff - Appellee, | D.C. No. 5:23-cr-00226-SSS-1 |
| v. | |
| CHRISTIAN ERNEST BEYER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted February 9, 2026**
Pasadena, California

Before: OWENS, VANDYKE, and H.A. THOMAS, Circuit Judges.

Defendant Christian Ernest Beyer appeals from his sentence following his

guilty plea to transmitting interstate threats, in violation of 18 U.S.C. § 875(c).  He

challenges the district court's application of the official victim enhancement under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.S.G. § 3A1.2, and he argues that the district court violated his Fifth Amendment rights by drawing an adverse inference from his decision not to allocute at sentencing.[1]  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.  We affirm in part, and we vacate and remand for resentencing in part.

1. The district court did not abuse its discretion by applying the official victim enhancement under U.S.S.G. § 3A1.2 to Beyer's sentence or clearly err in finding that Beyer was motivated by the victims' official status.  Beyer threatened his victims because he was dissatisfied by actions they took in their official capacities—which included arresting him and participating in his court-martial proceedings, testifying against him, and ultimately contributing to his required retirement from the Army.  Further, Beyer's words themselves underscore that the victims' official status motivated the threats.  In his October 30 video, Beyer referenced the victims' official identities, including their positions within law enforcement and the military, their authority on the installation, and their performance of official duties.  He also identified individuals by title and uniform

---

[1] A defendant's Fifth Amendment protections barring adverse inferences from silence extend to sentencing, and a guilty plea does not waive this right. *Mitchell v. United States*, 526 U.S. 314, 321 (1999); *United States v. Johnston*, 789 F.3d 934, 943 (9th Cir. 2015).  On remand, the district court should not consider a failure to allocute when rendering the sentence.

and framed his threats in terms that presupposed their continued exercise of official power.

The fact that Beyer knew his victims does not negate the applicability of the official victim enhancement. Official action may be experienced as personal, particularly where, as here, the official action is directed at the defendant and carries serious consequences. Yet where the defendant's actions respond to the exercise of official authority, the offense is properly understood as motivated by official status under § 3A1.2, regardless of whether or how the official and the defendant are otherwise acquainted. *See United States v. Rivera-Alonzo*, 584 F.3d 829, 837 (9th Cir. 2009). We have upheld a district court's application of the official victim enhancement where a defendant "obviously refer[s] to the [victim's] official duties," and the victim's official status was thus "not incidental to the conduct at issue." *United States v. McAninch*, 994 F.2d 1380, 1386 (9th Cir. 1993). Here, Beyer's threats were born from his anger toward the victims over his arrest, investigation, and court-martial—official acts and proceedings in which the victims participated in their official capacities. The victims' official roles therefore played a central, not "incidental," role in Beyer's decision to threaten them. *Id.*

Further, the text of the Sentencing Guidelines does not require official status to be the defendant's sole or even primary motivation. § 3A1.2(a)–(b). As Beyer acknowledges, it is sufficient that the victim's official role was *one* motivating

3 24-5824

factor in the offense. *See McAninch*, 994 F.2d at 1386 (holding that the defendant was "motivated by" his victim's official status for §3A1.2 purposes, even though the defendant also had an additional, separate motivation).

2. A district court commits procedural error when it "select[s] a sentence based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Ghanem*, 143 F.4th 1114, 1124 (9th Cir. 2025). At the sentencing hearing, the district court emphasized that it was "very telling" that Beyer chose not to "show remorse" for his threats. Yet Beyer did show remorse and apologize in writing by saying, "I am sorry for causing anyone . . . anxiety or distress . . . I never meant to cause the fear and harm I did and would never do it again." Indeed, the court was on notice that Beyer had apologized for his threats. Earlier in the hearing, the court had factored in his written apology when it deducted three offense levels "based upon some . . . acceptance of responsibility that has been presented to the probation officer and to the court, albeit not today by any statement of Mr. Beyer." Hence, the district court committed procedural error.

Because the district court's false impression that Beyer had not expressed remorse for his threats is a clearly erroneous factual determination qualifying as "significant procedural error," we vacate Beyer's sentence and remand this case for resentencing. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

4                                                                                    24-5824